Filed 2/17/2021 5:18 PM
Gwen Ashworth
District Clerk
Morris County, Texas
By: Taylor Byrd
Deputy

CAUSE NO. 27012

| | | |
|---|---|---|
| FREDERICK HOPKINS INDIVIDUALLY AND AS A REPRESENTATIVE OF THE ESTATE OF JUESTENE NEAL, | § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 76/276TH JUDICIAL DISTRICT |
| vs. | § § § | |
| J. ORI, LLC D/B/A THE SPRINGS | § | MORRIS COUNTY, TEXAS |
| Defendant. | | |

## DEFENDANT J. ORI, LLC D/B/A THE SPRINGS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant J. Ori, LLC d/b/a The Springs ("Defendant") files this Original Answer and in support thereof would respectfully show the Court the following:

### I.
### SPECIAL EXCEPTION

1. Pursuant to Section 74.053 of the Texas Civil Practice and Remedies Code, Defendant specially excepts to Plaintiff's Original Petition and First Request for Written Discovery on the ground that this suit is not within the Court's jurisdiction. Accordingly, the Court should require Plaintiff to inform the Court and Defendant in writing of the total dollar amount claimed.

### II.
### GENERAL DENIAL

2. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every material allegation contained in Plaintiff's Original Petition and First Request for Written Discovery and any amendments or supplements thereto, demands strict proof thereof, and,

DEFENDANT J. ORI, LLC D/B/A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE                                    PAGE 1

to the extent such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can do so.

### III.
### AFFIRMATIVE DEFENSES

3. Pleading further, alternatively, and by way of affirmative defense, Defendant invokes the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code.

4. Pleading further, alternatively, and by way of affirmative defense, Defendant would show, in the unlikely event that any liability would be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible

5 Pleading further, alternatively, and by way of affirmative defense, Defendant contends that any claims for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code Section 41.0105.

6 Pleading further, alternatively, and by way of affirmative defense, in the unlikely event that either the Court or a jury should find that Defendant is liable to Plaintiff, Defendant intends to assert the following rights and limitations under the Texas Civil Practice and Remedies Code:

    (a) Limitations on noneconomic damages pursuant to §§ 74.301, 74.303, and, alternatively, 74 302;

    (b) Periodic payments for future medical expenses, if applicable, pursuant to §§ 74.501, 74.503, and 74.504; and

DEFENDANT J ORI, LLC D/B A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE     PAGE 2

(c) Compliance with § 74.351's requirement that Plaintiff serve one or more expert reports not later than the 120th day after the date each defendant's original answer is filed. *See also* Tex. Civ. Prac. & Rem. Code §§ 74.401 and 74.402.

7. Pleading further, alternatively, and by way of affirmative defense, to the extent punitive damages are considered under the rules, Defendant pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the *imposition of a criminal penalty without the safeguards guaranteed by the* Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution. Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies Defendant equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments. Defendant pleads that any claim by Plaintiff for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

8. Pleading further, alternatively, and by way of affirmative defense, to the extent punitive damages are considered under the rules, Defendant would show that the imposition of punitive damages sought by Plaintiff violates Defendant's rights to due process and equal protection under the Fourteenth Amendment of the *United States Constitution, to due course of law and equal protection under* Article 1, Sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, Section 13 of the Texas Constitution, in that:

(a) Texas law and the Texas punitive-damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes

DEFENDANT J ORI, I LC D/B A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE                                    PAGE 3

punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award. Texas law and the Texas punitive-damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b) Defendant had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c) Under Texas law and the Texas punitive-damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d) Under Texas law and the Texas punitive-damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(e) No provision of Texas law or the Texas punitive-damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

(f) Texas law and the Texas punitive-damage scheme do not provide for adequate post-trial review of punitive-damage awards or the amounts thereof, and do not provide objective standards for such review.

DEFENDANT J. ORI, LLC D.B.A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE PAGE 4

(g) Texas law and the Texas punitive-damage scheme do not provide for adequate appellate review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review. Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, Section 6 of the Texas Constitution and Section 22.225 of the Texas Government Code.

(h) In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive-damage scheme, including Sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award and do not require that the award not be based on any desire to redistribute wealth.

(i) Under Texas law and the Texas punitive-damage scheme, there is no limit on the number of times Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

9. Pleading further, alternatively, and by way of affirmative defense, to the extent punitive damages are considered under the rules, Defendant would show that the net effect of Texas's punitive-damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on a defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest. As a result, the federal and state constitutional mandates for equal protection (U.S. Const. amend 14; Texas Const. art. 1, § 3) are violated. Insofar as the lodestone of the Texas punitive-damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state Constitutions' equal-protection mandates.

10. Pleading further, alternatively, and by way of affirmative defense, to the extent punitive damages are considered under the rules, Defendant would show that by virtue of Section 41.008 of the Texas Civil Practice and Remedies Code, any award of punitive damages is subject to the cap specified in that section and any award in excess of that cap must be reduced accordingly.

11. Pleading further, alternatively, and by way of affirmative defense, Defendant states that in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

12. Defendant may not currently be aware of all affirmative defenses that may be available to it. Defendant expressly reserves the right to amend this Answer to assert additional defenses, affirmative or otherwise, to challenge venue, and to assert third-party claims, all as may be required upon the completion of reasonable discovery and investigation.

## IV.
### REQUEST FOR COURT REPORTER

13. Defendant respectfully requests that a court reporter attend all sessions of court in connection with this case, and that said court reporter take full notes of all testimony offered, together with any objections, rulings, and remarks of the Court and exceptions thereto, and such other proceedings as may be needed or requested by Defendant. *See Christie v. Price*, 558 S.W.2d 922 (Tex. Civ. App. Texarkana 1977, no writ).

## V.
### JURY DEMAND

14. Defendant respectfully demands a jury for the trial of this matter.



DEFENDANT J ORI, LLC D/B/A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

PAGE 6

## VI.
### REQUEST FOR DISCLOSURE

15.     Pursuant to Texas Rule of Civil Procedure 194, Defendant requests that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)(l).

## VII.
### CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant J. Ori, LLC d/b/a The Springs respectfully prays that Plaintiff Frederick Hopkins Individually and as a Representative of the Estate of Juestene Neal take nothing by this suit; for an award of all costs and expenses Defendant has incurred; and for such other and further relief, both at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP
800 N. Shoreline, Suite 2000   North Tower
Corpus Christi, Texas 78401
(361) 866-8000   Telephone
(361) 866-8039   Facsimile
Email: mterry@hartlinebarger.com


By  /s/ Michael G. Terry
     Michael G. Terry
     State Bar No. 19799800

and

DARRELL L. BARGER
State Bar No. 01733800
dbarger@hartlinebarger.com
CYNTHIA CRAWFORD
State Bar No 05019550
ccrawford@hartlinebarger.com
HARTLINE BARGER LLP
1980 Post Oak Blvd, Suite 1800
Houston, Texas 77056



DEFENDANT J ORI, LLC D.B.A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE                                                          PAGE 7

(713) 759-1990
(713) 652-2419 facsimile

**ATTORNEYS FOR DEFENDANT
J. ORI, LLC D/B/A THE SPRINGS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February, 2021, a true and correct copy of this pleading was served in accordance with the Texas Rules of Civil Procedure on all known counsel of record.

/s/ *Michael G. Terry*
**MICHAEL G. TERRY**



DEFENDANT J. ORI, LLC D/B/A THE SPRINGS'
ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

PAGE 8