IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DOROTHA BRANNON, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:21-cv-00058-JRG-RSP |
| J. ORI, LLC, | § | |
| Defendant. | § | |
| FREDERICK HOPKINS, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 2:21-cv-00065-JRG-RSP |
| J. ORI, LLC, | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Before the Court are two motions. The first is the Motion to Remand and Brief in Support of its Motion ("Brannon Motion") filed by Plaintiff Dorotha Brannon in *Brannon v. J. Ori, LLC*, Case No. 2:21-cv-00058-JRG-RSP ("Brannon case"). **Brannon case, Dkt. No. 10**. The second is the Motion to Remand and Brief in Support of its Motion ("Hopkins Motion") filed by Plaintiff Frederick Hopkins in *Hopkins v. J. Ori, LLC*, Case No. 2:21-cv-00065-JRG-RSP ("Hopkins case"). **Hopkins case, Dkt. No. 11**.

The Brannon Motion and the Hopkins Motion are substantively identical, prepared by the same counsel, and were argued together before the Court at a hearing on May 10, 2021. *See* Brannon case, Dkt. No. 10; *see also* Hopkins case, Dkt. No. 11; Brannon case Dkt. No. 20; Hopkins case

1

Dkt. No. 22. Accordingly, the Court analyzes the Brannon Motion and Hopkins Motion (collectively, the "Motions") together. Furthermore, because the arguments are the same, in Section III: Analysis, the Court will provide citations to the Brannon case and omit the citations to the same arguments made in the Hopkins case.

**I.      BACKGROUND**

Plaintiffs Dorotha Brannon and Frederick Hopkins (collectively, "Plaintiffs") allege Jo Dale Holloman and Juestene Neal were under the care of Defendant J. Ori, LLC d/b/a The Springs ("Defendant") for daily living assistance. Brannon Motion at 6; Hopkins Motion at 6. Plaintiffs assert while at The Springs Jo Dale Holloman and Juestene Neal contracted and died of COVID-19. *Id.*

Brannon filed a complaint in the state judicial district court of Cass County, Texas. Brannon case, Dkt. No. 10-2. Hopkins filed a complaint in the state judicial district court of Morris County, Texas. Hopkins case, Dkt. No. 11-2. In each complaint Plaintiffs alleged only state law claims of medical negligence, corporate negligence, and gross negligence. Brannon case, Dkt. No. 10-2 at 5–11; Hopkins case, Dkt. No. 11-2 at 4–10. Defendant removed each case to this Court. Brannon case, Dkt. No. 1; Hopkins case, Dkt. No. 1.

Plaintiffs filed the Brannon Motion and Hopkins Motion seeking to remand their respective cases back to their respective state courts. Brannon Motion; Hopkins Motion. Defendant filed responses to each motion. Brannon case, Dkt. No. 16; Hopkins case, Dkt. No. 17. On May 10, 2021, the Court held a hearing for both motions together. Brannon case, Dkt. No. 20; Hopkins case, Dkt. No. 22.

## II. LEGAL STANDARDS

Generally, a civil action over which the United States District Courts have original jurisdiction may be removed by defendants from any state court where it is filed to the United States District Court for the district and division embracing the place where it was filed. 28 U.S.C. § 1441(a). The removal statute is subject to strict construction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810 (1986). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Under the well-pleaded complaint rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5–6 (2003). There are two exceptions: "when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* at 8.

The complete preemption doctrine provides that "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386–87 (1987) (citations omitted). Complete preemption only applies when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 393 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

The Supreme Court has recognized only three statutory provisions as having such extraordinary preemptive force: "(1) Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, (2) Section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. §

1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86. *Schuster v. Percheron Healthcare Inc.*, 2021 WL 1222149, at *2 (N.D. Tex. Apr. 1, 2021) (citing *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005). "As a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

### III. ANALYSIS

Plaintiffs make four arguments that Plaintiffs' Motions should be granted: (1) Plaintiffs' complaints present no federal question on its face; (2) defendant was not a federal officer; (3) the PREP Act[1] cannot preempt Plaintiffs' claims for removal; and (4) Plaintiffs' claims do not fall within the scope of the PREP Act. Brannon Motion at 8–24. Defendant argues: (1) Plaintiffs' complaints fall within the provisions of the PREP Act and the PREP Act preempts Plaintiffs' state law claims; (2) there is embedded federal question jurisdiction over Plaintiffs' claims under the *Grable* doctrine; and (3) the Court has jurisdiction under the federal officer removal statute. Brannon case, Dkt. No. 16 ("Brannon Response") at 5–29.

The first issue is whether the case falls within the purview of the PREP Act. If the case does not fall within the purview of the PREP Act, the Court does not need to address whether the PREP Act preempts Plaintiffs' state law claims. The Court's order will then analyze whether the Court has jurisdiction under the federal officer removal statute. Finally, the Court will analyze whether there is embedded federal jurisdiction under the *Grable* doctrine.

#### A. PREP Act

"[T]here is a growing consensus among courts across the country that state-law claims of

---

[1] The Public Readiness and Emergency Preparedness Act, 42 U.S.C. §247d-6.

negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 . . . are not properly characterized as federal-law claims under the PREP Act." *Dupervil v. All. Health Operations, LLC*, No. 20-cv-4042-PKC-PK, 2021 WL 355137, at *12 (E.D. N.Y. Feb. 2, 2021). The PREP Act is rarely, if ever, applicable in the context of state-law claims of negligence and wrongful death brought against nursing homes. *See Schuster*, 2021 WL 1222149, at *3 (collecting cases); *see also Mitchell v. Advanced HCS, LLC*, No. 4:21-cv-00155-P, 2021 WL 1247884, at *2 (N.D. Tex. Apr. 5, 2021); *Lopez v. Advanced HCS, LLC*, No. 4:21-cv-00470-P (N.D. Tex. Apr. 5, 2021); *Moody v. Lake Worth Investments*, No. 4:21-cv-00160-O (N.D. Tex. May 26, 2021).

When the PREP Act does apply, it provides broad immunity "from suit and liability under [the] Federal and State law Fund" ("Process Fund"), administered by the Health and Human Services Secretary, which is designed to provide "timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure[.]" 42 U.S.C. §§ 247d-6e(a), 247d-6e(b)(1). When applicable, it divests courts of subject-matter jurisdiction to review the Secretary's administration of the Process Fund and may not provide any other remedy. See 42 U.S.C. §§ 247d-6e(b)(5)(C), 247d-6e(d)(4). Under the PREP Act, a claimant is permitted to file suit in federal court only when a case involves "death or serious physical injury proximately caused by willful misconduct[,]" in which the claimant has exhausted administrative avenues, declined to accept compensation from the Process Fund, and files and maintains the case in the United States District Court for the District of Columbia. *Id.* §§ 247d6d(d)(1)–(5), 247d-6d(e)(1).

The PREP Act's immunity protects a "Covered Person" from claims of loss from the use of a "Covered Countermeasure" during the COVID-19 pandemic. 42 U.S.C. § 247d-6d(a)(1). A

"Covered Countermeasure" is "a qualified pandemic or epidemic product"; "a security countermeasure"; a "drug," "biological product," "or device . . . that is authorized for emergency use in accordance with section 564, 564A, or 564B of the Federal Food, Drug, and Cosmetic Act [FDCA]"; or "a respiratory protective device that is approved by the National Institute for Occupational Safety and Health [NIOSH] . . . and that the Secretary determines to be a priority for use during a public health emergency declared under section 247d of this title." 42 U.S.C. § 247d-6d(i)(1).

Plaintiffs' original petitions do not assert a federal cause of action on their face. Brannon case, Dkt. No. 1-5; Hopkins case, Dkt. No. 1-5. In the both cases, the claims of loss arise from allegations Defendant failed to properly monitor and care for Jo Holloman and Juestene Neal, such as by failing to provide appropriate supervision and training and failing to sufficiently staff medical facilities. Brannon case, Dkt. No. 1-5 at 5–11; Hopkins case, Dkt. No. 1-5 at 2–10. These allegations do not implicate any "Covered Countermeasure" under the PREP Act. The closest either ever comes to pleading so is the factual allegation in the Brannon case that Defendant's nursing staff wore masks and not all the nursing staff were wearing gloves. Brannon case, Dkt. No. 1-5 at 4. Masks and gloves are plainly not "Covered Countermeasures."

Defendant argues that the PREP Act creates complete preemption. Brannon Response at 18–22. (citing *Beneficial Nat'l Bank*, 539 U.S. at 8). Complete preemption is rare, requiring that "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar Inc.*, 482 U.S. at 386–87 (1987) (quoting *Metropolitan Life Ins. Co.*, 481 U.S. at 65).

The Supreme Court has recognized only three statutory provisions as having such extraordinary preemptive force: "(1) Section 301 of the Labor-Management Relations Act, 29

U.S.C. § 185, (2) Section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a); and (3) Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85–86. *Schuster*, 2021 WL 1222149, at *2 (citing *Sullivan*, 424 F.3d at 272). "As a general matter, complete preemption is less common and more extraordinary than defensive or ordinary preemption." *Elam*, 635 F.3d at 803. The Court does not find a sufficient showing that the PREP Act has such extraordinary preemptive force as to elevate it alongside the three instances of complete preemption.

The Court finds the complaint in neither the Brannon case nor Hopkins case falls under the PREP Act's immunity. Further, the Court finds the PREP Act does not have such extraordinary preemptive force as to create complete preemption.

### B. Federal Officer Removal

A civil action commenced in a state court may be removed when a defendant is sued for actions taken by "The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . . ." 28 U.S.C. § 1442. Defendant argues "the unprecedented control and direction the Federal government exercised over skilled nursing facilities with respect to the response of the COVID-19 pandemic" is such that Defendant was "acting under" the direction of a federal officer. Brannon Response at 27–28. Aside from this assertion of "unprecedented control and direction," Defendant asserts that:

> Facilities were ordered to restrict visitation, cancel communal dining, and implement active screening and staff for fever and respiratory symptoms. Facilities were instructed on which patients and staff to test for COVID-19, under what circumstances to use and how to conserve PPE, when to permit staff who had COVID19 to return to work, how to mitigate staff shortages including when to permit COVID-19 positive but asymptomatic staff to return to work, and how to handle the isolation of residents infected with COVID-19 and those under investigation for COVID-19.

*Id.* at 28 (citing Brannon Motion, Dkt. No. 1-11 at ¶ 5). The Court is not convinced that this

is "unprecedented control and direction." Under the logic that such basic regulation makes a defendant a federal agent, one would be hard pressed to find a health care entity that isn't a federal agent. Just as a restaurant required to keep its kitchen clean or a club required to keep its occupancy under capacity, Defendant is not made a federal agent by "general regulations and public directives regarding the provision of [] services." *See Martin v. Serano Post Acute LLC*, 2020 WL 5422949 (C.D. Cal. Sept. 10, 2020).

### C. *Grable* Doctrine

Defendant argues that there is embedded federal question jurisdiction over Plaintiffs' claims, citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Plaintiffs' claims do not present an embedded question under *Grable*. It is not Plaintiffs' complaints, but rather Defendant's defense of immunity created by the PREP Act that raises a federal issue. *See Dupervil*, 2021 WL 355137, at *14 ("But this only shows that Defendants may have an affirmative defense to Plaintiff's claims, not that Plaintiff's claims are affirmatively premised on, or on their face necessarily require resolution of, the PREP Act.")

To the extent Defendant relies on the Office of General Counsel's Advisory Opinion 21-01 and the Health and Human Services Secretary's Fourth Amendment to his Declaration under the PREP Act, the Court agrees with and adopts the analysis of *Dupervil*, 2021 WL 355137, at *14 and concludes the Office of General Counsel's and Health and Human Services Secretary's interpretations of the Court's jurisdiction under the PREP Act are not entitled to deference and lack

persuasive power. Accordingly, the Court finds that it does not have subject matter jurisdiction based on embedded federal question grounds.

### IV.     CONCLUSION

After due consideration, the Court **GRANTS** the Plaintiffs' Motions. It is therefore **ORDERED** the Brannon Case is **REMANDED** to the judicial district court of Cass County, Texas for lack of subject matter jurisdiction. It is further **ORDERED** the Hopkins Case is **REMANDED** to the judicial district court of Morris County, Texas for lack of subject matter jurisdiction.

**SIGNED this 8th day of June, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE